DAKOTA COUNTY v. W. T. BARTLETT.

FILED JANUARY 8, 1903. No. 12,468.

Commissioner's opinion, Department No. 1.

1. **Action Against County:** SUMMONS IN ERROR: ISSUANCE: SERVICE: WAIVER. A county attorney has authority to waive issuance and service of summons in error in a case against a county in which he has appeared for it at the trial.

2. **County Clerk:** TESTIMONY: CONCLUSION: GENERAL-FUND LEVY: PRESUMPTION AS TO OFFICIAL CONDUCT. Mere testimony by a county clerk to the conclusion that prior to a certain time the

Syllabus by court; catch-words by editor.

general-fund levy of that year was exhausted, and the last warrant drawn on it bore date about a month before the one sued on, does not require a reversal of a finding that the latter is valid. Such a conclusion does not overcome the presumption that officers do their duty.

3. **County**: ALLOWANCE OF CLAIM: DRAWING WARRANT: ADVERTISING FUND: GENERAL FUND. Allowance of a claim and drawing a warrant for its payment against the "advertising fund" of a county will be deemed, in an action on such warrant, equivalent to allowance of the claim, and drawing a warrant against the county general fund. Such so-called "advertising fund" is legally only a part of the general fund, known by a term which designates its source.

4. ——: ——: ——: WARRANT: SIGNATURES: SEAL: OBJECTION. Where the record contains a general admission that county warrants were "issued" by and signed by the proper county authorities, a subsequent objection to them, and motion to strike them from the record because not bearing the county seal, is too late.

ERROR from the district court for Dakota county. Action upon county warrants. Tried below before GRAVES, J. *Affirmed*.

*William P. Warner*, for plaintiff in error.

*Sullivan & Griffin* and *M. C. Beck*, contra.

HASTINGS, C.

This is an action begun by W. S. Bartlett in the county court of Dakota county to recover from that county the sum of $515 and interest, alleged to be due upon three warrants for the sum of $200 each, all of the same date and in the following form:

"$200.                    Amount levied 189-- $——
                         "Amount issued $848.70
                                      "County Warrant.
"State of Nebraska.   Treasurer of Dakota County.
                         "DAKOTA CITY, Dec. 4, 1895.
"Will pay W. T. Bartlett or bearer two hundred dollars and charge to account of county.
"No. 4.
"T. V. BRANNAN,               THOS. SULLIVAN, JR.,
   "County Clerk.     Chairman County Commissioners.
      "Advertising fund."

The original petition simply alleged the execution and delivery to plaintiff at their date of these warrants; that $85 had been paid upon them, and payment of the remainder refused. A demurrer was sustained to the petition, and an amendment was then made, setting forth that the warrants were issued and delivered to the plaintiff in payment of the publication of the tax list of the county of Dakota for the year 1895; that such publication was made in pursuance of a valid contract with the county; and that at the time the warrants were drawn and delivered to the plaintiff there were ample funds in the general fund of the county to meet them; and that the words "advertising fund," on the margin of each of said warrants, were placed there after their issuance by some person without authority. Another demurrer was filed to the petition as thus amended, and this demurrer was sustained by the county court and the plaintiff elected to stand upon his amended petition. It was dismissed. The amendment was filed in the county court February 7, 1900. From the judgment of dismissal plaintiff, Bartlett, took error to the district court, alleging error in sustaining the demurrer, error in dismissing the action, and error in the taxation of costs. This petition in error was sustained and the case was set down for trial in the district court. A petition was filed by plaintiff, Bartlett, in the same terms as in the county court, and the defendant answered, alleging that the petition did not contain facts sufficient to show a cause of action, and second, that the warrants, if issued, were void, and that the said warrants, if issued, were issued against the advertising fund of said county for advertising the delinquent taxes, and could only be a charge against that fund. and could not become a charge against the county general fund. Plaintiff denied the allegations of the answer, and an amendment was then made to it, setting out that the district court had no jurisdiction over the defendant, because no error summons was ever served upon the county, and no notice or service of notice of this proceeding given, as required by law.

Dakota County v. Bartlett.

Trial was had to the court, which found for the plaintiff, Bartlett, in the sum of $716.32. Motion for new trial was overruled, and judgment entered for that amount and costs. From this judgment the county brings error under fourteen assignments : Error in sustaining the original petition in error of Bartlett from the judgment of dismissal in county court; error in retaining the cause for trial over defendant's objection; error in trying said action when the record disclosed that no summons in error had been served upon the county; error in overruling the county's objection to the jurisdiction for that reason; error in overruling the county's objection that there is no cause of action stated in the petition; error in receiving the three alleged warrants in evidence; error in receiving evidence of the county board's order that the delinquent tax list for the year 1895 be printed in the *Jackson Criterion* at the rate provided by law; that the finding and judgment are not supported by and are contrary to the evidence and contrary to law; and that the finding and judgment are excessive. The questions raised are simply as to the failure to serve summons in error and as to the sufficiency of these warrants to constitute a cause of action, when aided by the allegations of money in the general fund and of a contract to publish the delinquent tax list.

Plaintiff in error alleges that there was no jurisdiction in the district court, for the reasons that no summons in error was ever served upon the county and its issuance and service was waived by the county attorney. Counsel cites and relies upon the case of *Chicago, B. & Q. R. Co. v. Hitchcock County,* 60 Nebr., 722, and its holding that an attorney has no authority to waive service of summons and enter a voluntary appearance in an action on behalf of a municipal corporation simply by reason of his powers and functions as an attorney. The summons in this case, however, was not the commencement of an action, and the statute makes the service of summons upon the attorney good, whether he still retains any authority from his principal or not, if he appeared at the trial. The right to serve sum-

11

mons upon him depended, not upon his authority at the time of such service, but depends upon his having made an authorized appearance at the trial. It seems clear that none of the arguments as to his want of authority to waive this issuance and service are good. He is made a proper person to serve by the terms of the statute, and he is by the further terms of the same statute given authority to waive such issuance.

The only question in the matter is the interpretation to be given to section 585 of the Code of Civil Procedure. That section is as follows: "The summons mentioned in the last section shall, upon the written precipe of the plaintiff in error, or his attorney, be issued by the clerk of the court in which the petition is filed to the sheriff of any county in which the defendant in error or his attorney of record may be; and if the writ issue to a foreign county, the sheriff thereof may return the same by mail to the clerk, and shall be entitled to the same fees as if the same had been returnable to the district court of the county in which such officer resides. The defendant in error, or his attorney, may waive in writing the issuing or service of the summons." It seems clear that "his attorney," referred to in the last clause of this section, means the same party as "his attorney of record" in the early part; that is, that it is only necessary that the party served, and waiving service, shall have been his attorney at the time of the trial as to which a complaint is made. The objection to jurisdiction was properly overruled.

It remains to consider the sufficiency of these warrants to constitute a cause of action when coupled with the allegations that they were delivered in payment for the publication of the county's delinquent tax list for 1895 under a valid contract, and that when the warrants were drawn there was money in the county's general fund sufficient to meet them, and that they are unpaid. There is an allegation in the petition that the words "advertising fund," at the bottom of the warrants, were added subsequently to their issuance and without authority, but

no such proof was tendered. The claim was allowed against the "advertising fund," and the warrants were so drawn. There is nothing to show they have been changed, and plaintiff admits they have not been since they were delivered to him so far as he knows.

There is a question as to the fact in reference to there being general funds of the county from which they might have been paid at the time. The county clerk swears that the levy of 1895 was exhausted in November, and the last warrant drawn on it was in that month. This general conclusion clearly seems insufficient to do away with the presumption that the officers did their duty, and if these are to be considered as general fund warrants, the claim of lack of authority to issue them can hardly be sustained. In *State v. Weir,* 33 Nebr., 35, 37, a precisely similar statement, only in a form of a certificate, is held to be a mere conclusion, and no sufficient evidence of a lack of funds at a given subsequent time. It is hard, too, to see how the expense of publishing the tax list is any more an indebtedness incurred by the county board than is the salary of the clerk. Such salary in the case last cited is held not to be subject to the limitations permitting no incurring of indebtedness, nor allowance of claims in excess of the levy, and forbidding warrants in excess of eighty-five per cent. of the levy in the absence of funds.

The real difficulties in the way of plaintiff's recovery are three: The claim of plaintiff was not allowed generally against the county and its general fund, but against the "advertising fund"; the warrants are drawn against an "advertising fund"; they bear no seal. Plaintiff cites *Kane & Co. v. Hughes County,* 81 N. W. Rep. [S. Dak.], 894. as conclusive of the proposition that allowance against the advertising fund is equivalent to an allowance against the general fund. Such is the holding in that case. The statute in South Dakota, however, provides in terms, for a payment by the county, in the first instance, for the publication of the delinquent tax list. That is the sole difference in the statutes that is pointed out.

In *State v. Lincoln County*, 35 Nebr., 346, and *State v. Dixon County*, 24 Nebr., 106, it is held competent for the board to enter into contracts for the doing of this work, but not obligatory to let such contracts to the lowest bidder. It is clearly the duty of the county board to provide for such publication. Compiled Statutes, sec. 109, ch. 77. That the Nebraska statute does not in express terms provide that the county shall pay for it, would seem unimportant. How else is it to be procured to be done? We are satisfied with the reasoning of the South Dakota court that as the general fund is the only lawful source of payment and there is no advertising fund known to the law, an allowance and a warrant drawn against the latter, are equivalent to such action against the general fund.

These warrants are not in the form prescribed by law and are without a seal; but it is admitted in the record that they were issued by the proper county authorities. We suppose the seal is attached merely to authenticate that fact. While the county seal is expressly required by section 33, chapter 18, Compiled Statutes,* to be applied in issuing a county warrant, it would seem that the broad admission in the record that the warrants were issued by the proper county officers, and presented and marked "Not paid for want of funds," authenticates them sufficiently, even without the county seal.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

---

* Cobbey's Annotated Statutes, sec. 4451.